UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. BRICENO,<br><br>Plaintiff,<br><br>v.<br><br>BLAKE WILLIAMS, San Diego Police Officer, et al.,<br><br>Defendants. | Case No.: 16cv1665-JAH-MDD<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE**<br>**[ECF NO. 26]** |

Plaintiff Marcus Briceno again seeks appointment of counsel, but this time attached several medical records which indicate that he suffers from back and leg pain and has a recommendation for additional surgery pending. Briceno argues that these records make it clear that he is in too much pain to successfully litigate his excessive force case, and therefore requests that the Court appoint him counsel.

"Generally, a person has no right to counsel in civil actions," *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and, even under 28 U.S.C. § 1915(e)(1) (the statutory grant of authority to recruit counsel in civil cases), the Court cannot force counsel to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that § 1915 "does not authorize the federal courts to make coercive appointments of counsel"). But, "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*,

1

560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

Briceno has not shown exceptional circumstances. The likelihood of success on the merits does not appear to be high—the complaint and pending motion to dismiss suggest that his claim is likely untimely unless Briceno can suggest a basis for some form of tolling. Moreover, Briceno's excessive force claim is, like most excessive force claims, not particularly complex. *See Price v. Kamer*, 993 F. Supp. 1295, 1298 (C.D. Cal. 1997) ("With rare exceptions, excessive force cases are simple, rather than complex cases. Excessive force cases almost always involve very few events which happened over a very short time span. There tend to be relatively few witnesses, and the dispositive disputes almost always involve the credibility of witnesses." (emphasis omitted)). Finally, although the Court does not discredit or seek to minimize the pain Briceno is suffering, nothing in the attached records suggest his condition is so severe as to prevent him from responding to the pending motion to dismiss.

Although the Court denies the request for recruited counsel at this time, it does so without prejudice. Should Briceno prevail over the pending motion to dismiss, the calculus may change and justify Briceno seeking counsel again at that time.

Dated: May 15, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge