|   |   |
|---|---|
| MARCUS D. BRICENO,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BLAKE WILLIAMS, San Diego Police Officer; CHRIS CUMMINGS, San Diego Police Officer,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 16cv1665-JAH (AGS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. No. 23)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

# **INTRODUCTION**

Pending before the Court is Defendant Blake Williams and Defendant Chris Cummings' (collectively "Defendants") motion to dismiss Plaintiff Marcus Briceno's ("Plaintiff") 42 U.S.C. § 1983 complaint ("Complaint") as untimely. After careful review of the pleadings filed both parties, the Court finds that Plaintiff's claims may qualify for statutory tolling pursuant to California Civil Procedure Code § 352.1. The Court will not dismiss this case without further discovery. Accordingly, the Court **DENIES** Defendants' motion to dismiss.

//

//

//

## BACKGROUND

Plaintiff asserts that on September 19, 2013, Defendants violated his due process rights under the Fourteenth Amendment by using excessive force during his arrest. Doc. No. 1 at pg. 3. Plaintiff claims that Defendants grabbed, pushed, yanked, punched, and hauled him by his neck. Id. Plaintiff asserts that during this process, he was rendered unconscious and subsequently treated at a hospital. Id. at pg. 4. On June 27, 2016, Plaintiff filed his Complaint. Id. at pg. 1. Defendants filed a motion to dismiss on May 7, 2018 alleging that Plaintiff's Complaint is barred by statute of limitations. Doc. No. 23.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible

claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## **DISCUSSION**

A defendant bears the burden of proof when a statute of limitations argument is raised as an affirmative defense. See Rivera v. Peri & Son Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013). The plaintiff is not required to plead on an anticipated affirmative defense. Id. Thus, it is not always possible to adjudicate a motion to dismiss based on statute of limitations because the Court will typically only consider the allegations of the complaint. Id. (quotation marks omitted). The only other facts the Court will consider are those which are subject to judicial notice, which are facts "generally known or [those that] can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Viramontes v. Pfizer, Inc., No. 215CV1754TLNACPS, 2015 WL 9319497, at *1 (E.D. Cal. Dec. 23, 2015) (quotation marks omitted).

3

In certain situations, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations." Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010). A complaint will not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts that would establish the timeliness of the claim." Id. (quotation marks omitted).

Defendants contend that Plaintiff's Complaint is barred by a two-year statute of limitations. Doc. No. 23-1 at pg. 3. Defendants argue that because Plaintiff had reason to know of the injuries on September 19, 2013, he was required to file his Complaint by September 15, 2015. Id. Defendants contend that Plaintiff filed his Complaint nine months late. Id.

In response, Plaintiff admits he filed his Complaint outside the two-year window. See Doc. No. 29.[1] Plaintiff also argues that the limitations period should be statutorily tolled due to California Code of Civil Procedure Section 352.1(a), and he is eligible for equitable tolling. Doc. No. No. 29, at 7.[2]

The Court finds dismissal at this stage is improper. When examining statute of limitations for 42 U.S.C. § 1983 actions, the Court will look at the statute of limitations governing personal injury actions occurring in the forum state. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). In California, that statute of limitations is two years. Id. The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his complaint. TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). Here, Plaintiff knew or had reason to know of his injuries on September 19, 2013, the alleged date of the injuries. Doc. No. 1 at pg. 1. Ordinarily, Plaintiff would be required to file by September 19, 2015 for his Complaint to be considered timely.

---

[1] Plaintiff titled his opposition a "motion to appeal Blake Williams; Chris Cummings Motion to Dismiss." However, after careful review, the Court construes this filing as Plaintiff's response in opposition to Defendants' motion to dismiss and not a motion to appeal. See Doc. No. 29.
[2] Because the Court finds the issue of statutory tolling dispositive of Defendants' motion, it does not reach Plaintiff's equitable-tolling arguments.

4

The Court will look to state law for potential tolling of the statute of limitations. Under California law, the limitations period can be tolled up to two years if the plaintiff is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1188-89 (9th Cir. 1999). Defendants arrested Plaintiff on September 19, 2013, the day his injuries allegedly occurred, so he may be eligible for § 352.1 tolling. See Ellis, 176 F.3d at 1189; see also Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir. 1994) ("A person held in police custody prior to arraignment is faced with the same limitations as someone in custody after arraignment. In light of this fact, we hold that 'actual, uninterrupted incarceration is the touchstone' for assessing tolling under [a prior version of § 352.1], which covers all post-arrest custody."). In order to trigger § 352.1 tolling, a plaintiff must be imprisoned "at the time the cause of action accrued." See Elliott, 25 F.3d at 803. When this occurs, only the time of "that disability" is tolled. Id. If the plaintiff is released from custody, the tolling ends and tolling for periods of incarceration after accrual does not restart. See Cal. Civ. Proc. Code § 352.1(a). Examining the face of the Complaint, it is unclear how long Plaintiff has been imprisoned as a result of being placed in custody on September 19, 2013.

The California Department of Correction and Rehabilitation's website[3] indicates that Plaintiff has been in custody since July 17, 2014. It is unclear whether he was held in pretrial detention and if so, for how long. The Court cannot determine the extent of tolling available under § 352.1. If he has been in custody continuously until he filed the Complaint, the tolling available under §352.1 would render the Complaint timely. The Court finds it is not "beyond doubt" that Plaintiff "can prove no set of facts that would

---

[3] The Court takes judicial notice of California's inmate locator data. *See United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); *see also Foley v. Martz*, No. 318CV02001CABAGS, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

5

establish the timeliness of the claim." Von Saher, 592 F.3d at 969 (quotation marks omitted). Thus, the Court **DENIES** Defendants' motion to dismiss.

## **CONCLUSION**

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss (Doc. No. 23) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 19, 2018

_____
JOHN A. HOUSTON
United States District Judge