# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcus D. BRICENO,<br><br>                     Plaintiff,<br><br>v.<br><br>Blake WILLIAMS, et al.,<br><br>                    Defendants. | Case No.: 16-cv-1665-JAH-AGS<br><br>**ORDER DENYING MOTION FOR APPOINTED COUNSEL (ECF No. 40)** |

For the third time, plaintiff Marcus Briceno seeks appointed counsel. The last two times, he sought counsel because of medical issues that he alleged interfered with his ability to litigate his case. This time, he argues that he is "unlearned" in "the matters of law" and has limited access to the prison's law library. (ECF No. 40, at 1.)

"Generally, a person has no right to counsel in civil actions," *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009), and, even under the statutory authority to recruit counsel in civil cases, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that the relevant statute—28 U.S.C. § 1915— "does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of

1

the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

As this case is still in its substantive infancy—so far Briceno has successfully fended off a motion to dismiss based on timeliness—it is unclear what his likelihood of success on the merits may be. But, as already pointed out in both previous orders, Briceno's excessive force claim is, like most excessive force claims, not particularly complex. *See Price v. Kamer*, 993 F. Supp. 1295, 1298 (C.D. Cal. 1997) ("With rare exceptions, excessive force cases are simple, rather than complex cases. Excessive force cases almost always involve very few events which happened over a very short time span. There tend to be relatively few witnesses, and the dispositive disputes almost always involve the credibility of witnesses." (emphasis omitted)). The Court notes that Briceno has been capable of articulating his legal position and conducting legal research; as previously alluded to, he successfully overcame a motion to dismiss his complaint on the grounds of timeliness. (*See* ECF No. 34.) His filings are well-researched and thoughtful, and so far Briceno has been able to articulate his claims. The motion for appointment of counsel is therefore denied.

Dated: January 28, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge