UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcus D. BRICENO,<br><br>                         Plaintiff,<br><br>v.<br><br>Blake WILLIAMS, San Diego Police Officer, et al.,<br><br>                         Defendants. | Case No.: 16-cv-1665-JAH-AGS<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO AMEND (ECF No. 44)** |

In his complaint, plaintiff Marcus Briceno claimed that the two defendant police officers used excessive force in arresting him. In his current motion, Briceno alleges that, because he refused to plead guilty, the defendants and the District Attorney retaliated by convicting him of three more unjustified criminal charges. He seeks to amend his complaint to add new claims arising from these three additional convictions.

Yet these convictions have not been overturned, so Briceno is legally prohibited from using this civil suit to collaterally attack those criminal charges. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, the proposed amendments to his complaint are futile, and his motion to amend should be denied.

## **BACKGROUND**

According to Briceno, on September 19, 2013, defendants grabbed, pushed, yanked, punched, and hauled him by his neck while arresting him. (ECF No. 1, at 3.) Briceno was

rendered unconscious and had to be treated at a hospital. (*Id.* at 4.) He was charged with resisting an executive officer, assault and battery, and threatening an officer, and presumably convicted. (ECF No. 29, at 1; ECF No. 35, at 7.) Ever since his 2013 arrest, Briceno has been in continuous custody. (*See* ECF No. 44, at 1-2.)

He now seeks to amend his complaint to bring additional claims against defendants. (*See generally* ECF No. 44, at 1-2.) He alleges that defendants and the District Attorney "file[d] 3 more cases on [him]" because Briceno "refused to sign any deals from the D.A." (*Id.* at 3.) He believes he was "maliciously targeted" but nevertheless "was convicted on all 3 cases." (*Id.*) So, he seeks leave to add additional claims, and increase his damages, due to the "false imprisonment" he faced due to the retaliatory charges. (*Id.*)

## **DISCUSSION**

At this stage, a litigant must receive Court leave to amend. But such leave should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, 'liberality in granting leave to amend is subject to several limitations,'" including "futility." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted). A proposed amendment is futile if "the amended [claims] would be . . . subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

In his opposition, defendant Blake Williams[1] argues that allowing Briceno to amend would be futile because the *Heck* doctrine bars Briceno from succeeding on his claim. Despite having an opportunity, Briceno did not respond to Williams's argument. (*See* ECF No. 48 (requiring Briceno to file any reply brief by February 26, 2019).)

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court made clear that convicted criminals may not use civil-rights lawsuits under 42 U.S.C. § 1983 to indirectly challenge their convictions. Such suits present federal courts with a simple question: Would

---

[1] Despite this case pending for nearly three years, Briceno has not served defendant Chris Cummings, and Cummings has not appeared in this action. (*Compare* ECF No. 22 (certificate of service for Williams); *with* ECF No. 8 (unexecuted summons return for Cummings).)

2

the lawsuit's success "'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence"? *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (en banc) (citations omitted). If so, the suit is barred, "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Despite being convicted, Briceno claims that he "never commit[t]ed a crime," has been subject to "false imprisonment" due to the convictions, and that the new cases were "false charges." (ECF No. 44, at 1-2.) If he were to prove those allegations and thereby receive damages, his civil suit would "necessarily imply" that those convictions were invalid. *See Smith*, 394 F.3d at 695. This is precisely what *Heck* prohibits. Thus, any amendment to include those claims is futile, at least until he shows that the convictions have been invalidated. *See Cooper v. Ramos*, 704 F.3d 772, 785 (9th Cir. 2012) (noting that a request to amend would be "futile" where the new claim "is precluded by *Heck*").

## CONCLUSION

Because *Heck* precludes Briceno's proposed new claims, his motion to amend should be **DENIED** as futile. Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). The party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated: March 20, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge

3