UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS D. BRICENO<br>CDCR #AU0333,<br><br>          Plaintiff,<br><br>v.<br><br>BLAKE WILLIAMS,<br><br>          Defendant. | Case No.: 3:16-cv-1665 JAH (AGS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**[Doc. No. 97]** |

Currently before the Court is Defendant Blake Williams' ("Williams") Motion for Reconsideration re Order on Motion for Summary Judgment. (Doc. No. 97.)

**I.     Procedural History**

On February 20, 2020, Williams filed a Motion for Summary Judgment on qualified immunity grounds as to Plaintiff's Fourth Amendment Excessive Force claims. (*See* Doc. No. 77.) The Court GRANTED in Part, and DENIED in part, Williams' Motion for Summary Judgment. (*See* Doc. No. 96.) Specifically, the Court found that there were "genuine disputes of material fact exist as to whether Williams violated Plaintiff's Fourth Amendment rights" which is the first prong of the qualified immunity analysis. (*Id.* at 17.)   The Court GRANTED Williams' qualified immunity with regard

to the "take down" of Plaintiff but DENIED Williams' qualified immunity for the "punch or punches to [Plaintiff's] head after he was taken to the ground." (*Id.* at 21.)

Williams moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).  (*See* Doc. No. 97).  Specifically, Williams "requests reconsideration of the order at the point where the Court denied qualified immunity for the alleged punch(es) based on the find that the right was clearly established by *Blankenhorn v. City of Orange*, 485 F.3d 463, 478-79 (9th Cit. 2007)." (*Id.* at 1.)  Williams argues that the Court impermissibly cited to this case because it was "not argued by Plaintiff in his oppositions" and the Court "misinterpret[ed] or expand[ed] the holding of *Blankenhorn*." (Doc. No. 97-1 at 2.)

**I.   Williams' Motion**

   **A.   Standard of Review**

While Williams purports to bring this Motion pursuant to Rule 59(e), this section relates to judgments and no judgment has yet to be entered in this matter.  However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter an order pursuant to Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. FED. R. CIV. P. 60(b*); School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

"Although the application of Rule 60(b) is committed to the discretion of the district courts . . ., as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). Nevertheless, Rule 60(b) provides

for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994).

### B. Williams' arguments

#### 1. *Blankenhorn* citation

Williams argues it was error for the Court to rely on the *Blankenhorn* decision when the Court found that the holding in *Blankenhorn* clearly established to a reasonable officer that striking Plaintiff multiple times in the head while he was being handcuffed and posed no immediate threat to officers or the public, would violate Plaintiff's Fourth Amendment right. (Doc. No. 97-1 at 3.) Specifically, Williams claims this was in error because "Plaintiff did not discuss or interpret the *Blankenhorn* in either of his two oppositions to the motion for summary judgment." (*Id.*)

The Ninth Circuit has emphasized that "an ordinary *pro se* litigant, like other litigants, must comply strictly with the summary judgment rules" but [p]*ro se* inmates are however, expressly exempted from this rule." *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). "We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Id.*

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al–Kidd,* 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "We do not require a case directly on point" before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." *al–Kidd,* 563 U.S. at 741.

The Court rejects Williams' argument, because if applied, would require this Court to ignore relevant case law on the ground that a *pro se* inmate litigant, with obviously limited access to law libraries, did not cite to a specific case in their opposition. *See e.g., Soto v. Sweetman,* 882 F.3d 865, 872 (9th Cir. 2018) *cert denied*, 139 S.Ct. 488 (2018).

2. *Application of Blankenhorn*

Next, Williams argues that *Blankenhorn* decision is not applicable to the facts in this matter because in *Blankenhorn* there was a disputed issue of material fact as to whether the plaintiff had his arms "beneath his body" necessitating the use of force, by punching the plaintiff in the head in order to place him in handcuffs. (Doc. No. 97-1 at 4 citing *Blankenhorn*, 485 F.3d at 480). Williams argues *Blankenhorn* is inapplicable because in this matter "it is undisputed here that Plaintiff actively kept his arms underneath him after he fell to the ground" and thus, Williams was "reasonably justified" in using force by striking Plaintiff in the head to gain compliance. (Doc. No. 97-1 at 4 citing Pl.'s Depo, Doc. No. 77-16 at 81:9-11.)

Attached to Plaintiff's first Opposition is Williams' testimony at his preliminary hearing. (Doc. No. 91 at 27-106.) Williams testifies that Plaintiff initially had his hands underneath him when he slammed him to the ground, but Williams also testifies that when he struck Plaintiff in the head it was when Plaintiff was "pushing up" and Plaintiff's hands were no longer underneath him. (*Id.* at 71-72.) In addition, Plaintiff's deposition testimony, disputed Williams' assertion, and it is far from clear that his hands were underneath him when Williams allegedly punched him in the head. In Williams' Motion, he sets forth Plaintiff's testimony as follows:

Q: And you said your hands were underneath you?
A: Yeah. […]

(97-1 at 4 citing Doc. No. 77-16, Ex. 14 at 81:9-11).

However, the exchange more broadly is as follows:

Q: Did you – describe for me how you landed.   Did you land on your stomach?
A: I landed on my stomach.
Q: And you said that your hands were underneath you?
A. Yeah.  I tried to protect my hand from slamming on the floor, so I just - -  it was a quick slam on the floor.  So I just went like face-first to the floor.  But I tried to protect my hands at the same time.

1  Q: Did Officer Williams say anything to you?
2  A: No. He just started punching me.
3  (*Id.* at 81:6-16.)

It is not clear from this testimony that Plaintiff's hands were underneath him while Williams was purportedly punching him in the head and Williams' previous testimony in Plaintiff's preliminary injunction suggests that his hands may not have been underneath Plaintiff when Williams punched Plaintiff in the head. Like the facts in *Blankenhorn*, there are disputed facts as to whether Plaintiff had actually "pinned his arms beneath his body" or "maneuver[ed] his arms beneath his body" before Williams punched Plaintiff in the head to gain compliance. *Blankenhorn*, 485 F.3d at 480. In fact, there is a disputed issue of material fact as whether Williams told Plaintiff to free his hands before he hit Plaintiff in the head and Williams also seems to suggest in his prior testimony that Plaintiff's hands were not pinned underneath him, but Plaintiff was in fact pushing himself up after landing on his stomach after being slammed to the ground by Williams.

As the Ninth Circuit found in *Blankenhorn*, we must credit Plaintiff's version of events at the summary judgment stage and conclude that a "rational jury could find that if [Plaintiff] did not maneuver his arms beneath his body it eliminated the need for any use of force to release them, and thus that [Williams'] punches were not reasonably justified by the circumstances as he claims." *Id.*

Because Williams has provided no basis for the Court to vacate or set aside its October 15, 2020 Order, relief under Rule 60 is not warranted. *See School Dist. No. 1J*, 5 F.3d at 1442; *Engleson*, 972 F.2d at 1044. Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

/ / /
/ / /

### III.  Conclusion and Order

For these reasons, IT IS ORDERED that:

Williams' Motion for Reconsideration (Doc. No. 97) is DENIED.

**IT IS SO ORDERED.**

Dated:   June 2, 2021

Hon. John A. Houston
United States District Judge