UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marcus D. BRICENO,<br><br>Plaintiff,<br><br>v.<br><br>Blake WILLIAMS, et al.,<br><br>Defendants. | Case No.: 16-cv-1665-JAH-AGS<br><br>**ORDER DENYING MOTION FOR APPOINTED COUNSEL (ECF 105)** |

For the fourth time, plaintiff Marcus Briceno seeks appointed counsel. The last three times, he sought counsel because of medical issues that he alleged interfered with his ability to litigate his case and being "unlearned" in "the matters of law." (*See* ECF 40, at 1.) This time, he argues that his "PTSD-Anxiety-Depression" is "not allowing [him] to move on with [his] case." (ECF 105, at 1.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Even under the statutory authority to recruit civil counsel, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that the relevant statute—28 U.S.C. § 1915—"does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

Briceno attached over 200 pages of medical records to his fourth motion to support his claim that his mental impairments are exceptional circumstances justifying appointment of counsel. (*See generally* ECF 105.) "[I]ncapacitating mental disability may be grounds for appointment of counsel in some cases," but "[t]here must be a nexus between the mental

1

disorder and the plaintiff's ability to articulate his claims." *Thompson v. Paramo*, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *2 (S.D. Cal. Sept. 13, 2018).

Briceno's medical records show some recent acute problems resulting from anxiety and mourning the loss of several family members. (*See, e.g.*, ECF 105, at 12 (February 2021 note placing Briceno on suicide watch because of "[i]neffective individual coping relating to situational crisis"); *id.* at 36 (February 2021 note mentioning "recent death in the family, suicidal ideations, and homicidal ideations"); *id.* at 41 (December 2020 note mentioning that he had "flipp[ed] out" after missing a court date and felt "hopeless, depressed, anxious, and paranoid"); *id.* at 45 (February 2021 complaint about hearing voices and lack of sleep); *id.* at 49 (September 2020 note about being "stressed out"); *id.* at 54 (June 2020 note about being under "attack[]" by correctional officers and related nightmares); *id.* at 61 (February 2021 note relating "deaths of numerous family members that occurred in January," fear that his father was "dying," nightmares and sleeping problems, and "auditory hallucinations"); *id.* at 64 (October 2020 note: "mental health is alright but he is stressed out" and "quite paranoid"); *but see id.* at 56 (March 2021 note "den[ying] any distressing mental health symptoms"); *id.* at 40 (March 2021 note citing a complaint that he'd "always" had "auditory hallucinations," but noting no "other mental health concerns"); *id.* at 42 (March 2021 note that Briceno reported being "alright" and refused mental-health treatment).) But virtually all the mental-health assessments mentioned he was capable of concrete thought, had linear thought processes, and had "limited," "fair," or "good" insight and judgment. (*See, e.g.*, ECF 105, at 51, 52, 55, 56, 57, 61, 62, 63, 67, 69; *but see id.* at 64 ("poor" "judgment and insight" in October 2020).)

Although it is clear that Briceno suffers from mental-health problems and suffered an acute outbreak recently after family members passed, those issues do not rise to the exceptional level necessary to justify the appointment of counsel. Additionally, there does not appear to be a nexus between those issues and Briceno's ability to litigate this case. In late 2020, Briceno filed two summary-judgment responses, setting out his positions clearly and attaching evidence. And those responses were somewhat successful, as the motion for

summary judgment was partially denied. (*See generally* ECF 96); *Thompson*, 2018 WL 4537993, at *1 ("When a pro se plaintiff shows he understands basic litigation procedure and is able to articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel.").

Turning to the last two factors—the likelihood of success on the merits and the complexity of the case—neither weigh heavily in favor of finding exceptional circumstances. The likelihood of success on the merits remains unclear, even at this point, since the most recent orders from the Court have reduced the case to a single issue which will come down to whether the factfinder believes Briceno or Officer Williams. (*See* ECF 96, at 20 ("Accordingly, viewing the facts regarding the punch or punches to his head after he was taken to the ground by Williams in the light most favorable to Plaintiff, the Court finds Plaintiff has sufficiently produced evidence to satisfy both prongs of the qualified immunity analysis as to this Fourth Amendment excessive force claim."); *see also* ECF 107, at 5 (denying a motion to reconsider the same).) But it is now clear that this case is, like most excessive-force claims, a simple he said/he said situation, and is certainly not complex. *See Price v. Kamer*, 993 F. Supp. 1295, 1298 (C.D. Cal. 1997) ("With rare exceptions, excessive force cases are simple, rather than complex cases. Excessive force cases almost always involve very few events which happened over a very short time span. There tend to be relatively few witnesses, and the dispositive disputes almost always involve the credibility of witnesses." (emphasis omitted)). Again, Briceno has so far represented himself ably, and each of his filings have been clear and capably supported. So Briceno has failed to show exceptional circumstances. The motion for appointment of counsel is therefore **DENIED**.

Dated: June 4, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge